DONALD H. CRAM, III (State Bar No. 160004)
ADAM N. BARASCH (State Bar No. 158220)
BERNARD J. KORNBERG (State Bar No. 252006)
MARK D. LONERGAN (State Bar No. 143622)
SEVERSON & WERSON, P.C.
One Embarcadero Center, Suite 2600
San Francisco, CA  94111
Telephone: (415) 677-5548
Facsimile:  (415) 677-5664
Email:  bjk@severson. com

Attorneys for Creditor
WELLS FARGO DEALER SERVICES, INC.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>JULIO CESAR CHIQUINI ,<br><br>Debtor(s). | Case No.  6:11-bk-34077-WJ<br><br>Chapter 13<br><br>Date:  9/7/2011<br>Time:  1:30 PM<br>Judge:  Hon. Wayne E. Johnson<br>Place:  U.S. Bankruptcy Court<br>3420 Twelfth Street, Suite 302<br>Riverside, CA 92501-3819 |

**OBJECTION OF WELLS FARGO DEALER SERVICES, INC. TO CONFIRMATION OF PLAN**

TO THE DEBTOR, DEBTOR'S ATTORNEY OF RECORD, THE CHAPTER 13 TRUSTEE, AND ALL OTHER INTERESTED PARTIES:

Wells Fargo Dealer Services, Inc. (hereinafter "Secured Creditor") objects to the Chapter 13 Plan (hereinafter "Plan") of the above captioned debtor(s) (hereinafter "Debtor") for the following reasons:

**STATEMENT OF FACTS:**

Secured Creditor has a perfected security interest in Debtor's 2006 Toyota Tundra, Vehicle Identification No. 5TBJU32136S473607 (hereinafter "Vehicle"), pursuant to a Motor

Vehicle Contract & Security Agreement dated 4/17/2007 (hereinafter "Contract") entered into between Debtor and Secured Creditor's predecessor-in-interest ("Dealer"). Upon execution of the Contract Debtor was obligated to pay Secured Creditor $22,472.76 at an annual percentage rate of 8.70% over 72 monthly payments of $403.20.

The net payoff under the Debtor's Contract, as of the petition date, was $8,464.32 and the Debtor's Plan proposes to value the Vehicle at $7,000.00, payable at 5.00% with no monthly pre-confirmation payments and monthly post-confirmation payments of $146.71.

**THE PLAN'S PROPOSED VEHICLE VALUE FAILS TO PROVIDE THE PRESENT VALUE OF SECURED CREDITOR'S CLAIM AS REQUIRED BY 11 U.S.C. § 1325(a)(5)(B)(ii)**

Secured Creditor objects to confirmation of Debtors' Plan on the grounds that paying only $7,000.00 towards Secured Creditor's claim on the Vehicle fails to provide Secured Creditor with the full value of its claim in violation of 11 U.S.C. § 1325(a)(5)(B)(ii). Section 506(a) provides that value with respect to personal property securing an allowed claim shall be determined based on the replacement value of such property as of the date of the filing of the petition. With respect to property acquired for personal, family, or household purposes, replacement value shall mean the price a retail merchant would charge for property of the kind considering the age and condition of the property at the time value is determined. 11 U.S.C. §506(a)(2).

The NADA Used Car Guide retail value is $10,200.00 for a vehicle of like make, model, and condition. A copy of the applicable NADA Used Car Guide printout is attached hereto as Exhibit A. In this case, the type of Debtor and nature of the collateral point to the NADA Used Car Guide as the best indicator of the Vehicle's replacement (market) value. The Debtor is an individual who proposes to retain the Vehicle for personal use. The Debtor's replacement (market) value of the Vehicle will be determined by the retail market places where individuals purchase automobiles for such personal use. Secured Creditor contends that the NADA Used Car Guide retail value, which is $10,200.00 for this Vehicle, supplies the best evidence of such market place. Therefore, in order to confirm the Plan over Secured Creditor's objection, the Plan must provide for a collateral value of Secured Creditor's claim in the full amount of $8,464.32.

**THE PLAN'S PROPOSED MONTHLY PAYMENT FAILS TO PROVIDE THE PRESENT VALUE OF SECURED CREDITOR'S CLAIM AS REQUIRED BY 11 U.S.C. § 1325(a)(5)(B)(iii)**

Secured Creditor objects to confirmation of Debtor's Plan on the grounds that the provision for no pre-confirmation monthly payment and a post-confirmation monthly payment of $146.71 fails to adequately compensate or protect Secured Creditor from the monthly depreciation of the Vehicle over the life of the Plan and therefore, the Plan fails to provide for the present value of Secured Creditor's claim as required by 11 U.S.C. § 1325(a)(5)(B)(iii).

With respect to each allowed secured claim provided for by the plan;

(iii) if –

    (I)    property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and

    (II)    the holder of such claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan.

11 U.S.C. §1325(a)(5)(B)(iii)

Debtor's monthly Plan payment to the Trustee is $453.00 with no pre-confirmation monthly payment and a post-confirmation monthly payment of $146.71 to Secured Creditor. Debtor's proposed monthly payment to Secured Creditor does not comply with 11 U.S.C. § 1325(a)(5)(B)(iii) since that monthly payment doesn't cover the monthly depreciation of the Vehicle, which serves as collateral for Secured Creditor's claim, and is not in equal monthly amounts. Therefore, Debtor's Plan as proposed cannot be confirmed and Secured Creditor requests that the Plan be amended to provide it with a minimum monthly payment of at least $146.71 commencing with the **first** Plan payment.

**CONCLUSION:**

WHEREFORE, Secured Creditor respectfully requests that the Court sustain its objection(s) and deny confirmation of Debtor's proposed Plan. Alternatively, Secured Creditor requests the Court order that:

1. The Debtor's Plan be amended to provide for Secured Creditor's claim to be secured in the full amount of $8,464.32;

2. The Debtor's Plan be amended to provide for Secured Creditor to receive monthly payments in the amount of at least $146.71, on account of its secured claim, from the effective date of the Debtor's Plan;

3. Secured Creditor be awarded its reasonable attorneys' fees and costs incurred in protecting its security interest by objecting to the Debtor's proposed Plan; and

4. Secured Creditor be afforded such further relief as this Court deems necessary and proper.

DATED: August 30, 2011

SEVERSON & WERSON, P.C.

By:  /s/ Bernard J. Kornberg
Adam N. Barasch / Bernard J. Kornberg

Attorneys for Wells Fargo Dealer Services, Inc.

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
One Embarcadero Center, Suite 2600, San Francisco, CA 94111

A true and correct copy of the foregoing document described as **OBJECTION OF WELLS FARGO DEALER SERVICES, INC. TO CONFIRMATION OF PLAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On August 30, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

DEBTOR'S ATTORNEY:  Leroy Bishop Austin    lbishopbk@yahoo.com, lbishopbk@gmail.com
TRUSTEE:  Rod (WJ) Danielson (TR)    notice-efile@rodan13.com

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On August 30, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed. (All parties served by first class mail)

Julio Cesar Chiquini
2522 Cavalcade Ct
Perris, CA 92571

Hon. Wayne E. Johnson
U.S.B.C. – Riverside Division
3420 Twelfth Street, Suite 345
Riverside, CA 92501-3819

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ***Fill in Date Document is Filed,*** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.
☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 30, 2011 | Erica Wheelock | /s/ Erica Wheelock |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

30000/0000/960133.1

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010    **F 9013-3.1.PROOF.SERVICE**